THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YOLANDA CARADINE, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | 1:21-CV-14 |
| | : | (JUDGE MARIANI) |
| KILOLO KIJAKAZI, | : | |
| ACTING COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

## ORDER

AND NOW, THIS \_\_6th\_\_ DAY OF JUNE, 2023, upon *de novo* review of Magistrate Judge Martin Carlson's Report & Recommendation ("R&R") (Doc. 27), Plaintiff's Objections thereto (Doc. 30), and the other documents of record, **IT IS HEREBY ORDERED THAT:**

1. The R&R (Doc. 27) is **ADOPTED** for the reasons discussed therein.

2. Plaintiff's Objections (Doc. 30) are **OVERRULED**. Plaintiff's filing sets forth in cursory fashion two objections, both unsupported by any case law or specific reference to the record. Plaintiff's Objections fail to substantively explain why the Magistrate Judge is incorrect in his findings, nor did Plaintiff submit a brief in support of his Objections elaborating on the short and conclusory statements which form the entirety of his Objections. Regardless, this Court agrees with the Magistrate Judge's analysis and conclusions. Plaintiff's first Objection, that the R&R "appeared to make [a finding that the ALJ properly rejected Dr. Kneifati's opinion] simply

because the Plaintiff engaged in work activity after her alleged onset date" (Doc. 30, ¶ 1) misstates the record. Judge Carlson's determination that the ALJ properly rejected Dr. Kneifati's opinion was based not solely on Plaintiff's work activity. The R&R also recognized the ALJ's finding that Dr. Kneifati's opinions were based on Plaintiff's subjective complaints rather that "the objective medical evidence showing that she generally maintained normal strength, sensation, and range of motion" (Doc. 27, at 37) (*see also, id.* at 37-38 ("The ALJ further notes that the medical record showed that Caradine generally maintained full range of motion and normal strength, that she underwent conservative treatment for her impairments, and that her activities of daily living, which included personal care, household chores, shopping alone, and maintaining some level of employment throughout the disability period, showed that her conditions were not as debilitating as she alleged."). With respect to Plaintiff's second objection, that Judge Carlson erred in "finding that any error caused by the ALJ's failure to include mental limitations in the hypothetical questions to the Vocational Expert was harmless error" (Doc. 30, ¶ 2) is equally without merit. Plaintiff attempts to support this Objection with nothing more than general speculation, unsupported by any specific evidence or case law, that "[e]ven mild [mental] limitations. . . may have an effect on maintaining employment" and that the "cumulative effect of difficulties in all of these areas may be problematic even if mild limitation in each area, by itself, would not preclude maintaining employment."

(*Id.*). Counsel's personal opinions on this issue offer no basis for this Court to overrule the R&R's reasoned analysis. Further, Plaintiff ignores that Judge Carlson first determined that the ALJ "did not err in omitting these mild limitations [in mental functioning] from his hypothetical to the Vocational Expert" (Doc. 27, at 33), but then, in an abundance of caution, explained that even if there was error, such error was harmless (*id.* at 33-35).

3. Plaintiff's Appeal is **DENIED**.
4. The Commissioner of Social Security's decision is **AFFIRMED**.

Robert D. Mariani
United States District Judge